UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO.  8:19 cr 41 T 24 JSS

46 U.S.C. § 70506(a), (b)
46 U.S.C. § 70503(a)
21 U.S.C. § 963

SOCRATES GABRIEL BARROS-FINCE
  a/k/a "Chunchun"
  a/k/a "Chun"
  a/k/a "Indio"
  a/k/a "El Loco"
  a/k/a "Tawara"
  a/k/a "Chupo"
CRISTIAN CAMILO CORDOBA-CUESTA
  a/k/a "Cris"
  a/k/a "El Primo"
JORGE LEONARDO DIAZ-RAMOS
  a/k/a "40"
  a/k/a "Numerito"
SANTANDER BARROS-PULIDO
  a/k/a "Pollo"
  a/k/a "Tio"
  a/k/a "Zeus"
NEFER ALFONSO HINOJOSA-LARRADA
  a/k/a "El Negrito"
  a/k/a "Divino"





FILED
JAN 3 1 2019
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**

Beginning on an unknown date and continuing until on or about the date of this indictment, the defendants,

SOCRATES GABRIEL BARROS-FINCE,
a/k/a "Chunchun,"
a/k/a "Chun,"
a/k/a "Indio,"
a/k/a "El Loco,"
a/k/a "Tawara,"
a/k/a "Chupo,"
CRISTIAN CAMILO CORDOBA-CUESTA,
a/k/a "Cris,"
a/k/a "El Primo,"
JORGE LEONARDO DIAZ-RAMOS,
a/k/a "40,"
a/k/a "Numerito,"
SANTANDER BARROS-PULIDO,
a/k/a "Pollo,"
a/k/a "Tio,"
a/k/a "Zeus," and
NEFER ALFONSO HINOJOSA-LARRADA,
a/k/a "El Negrito,"
a/k/a "Divino,"

did knowingly and willfully combine, conspire and agree with each other and with other persons, both known and unknown to the Grand Jury, including persons who were on board a vessel subject to the jurisdiction of the United States and who first entered the United States at a place in the Middle District of Florida, to distribute and possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of 46 U.S.C. § 70503(a)(1).

All in violation of 46 U.S.C. § 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

## COUNT TWO

Beginning on an unknown date and continuing until on or about the date of this indictment, the defendants,

>SOCRATES GABRIEL BARROS-FINCE,
>a/k/a "Chunchun,"
>a/k/a "Chun,"
>a/k/a "Indio,"
>a/k/a "El Loco,"
>a/k/a "Tawara,"
>a/k/a "Chupo,"
>CRISTIAN CAMILO CORDOBA-CUESTA,
>a/k/a "Cris,"
>a/k/a "El Primo,"
>JORGE LEONARDO DIAZ-RAMOS,
>a/k/a "40,"
>a/k/a "Numerito,"
>SANTANDER BARROS-PULIDO,
>a/k/a "Pollo,"
>a/k/a "Tio,"
>a/k/a "Zeus," and
>NEFER ALFONSO HINOJOSA-LARRADA,
>a/k/a "El Negrito,"
>a/k/a "Divino,"

did knowingly and willfully combine, conspire, and agree with others, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, knowing, intending, and having reasonable cause to believe that such substance would be unlawfully imported into the United States, contrary to the provisions of 21 U.S.C. § 959.

All in violation of 21 U.S.C. §§ 963 and 960(b)(1)(B)(ii); and 18 U.S.C. § 3238.

## FORFEITURE

1. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of 46 U.S.C. § 70507, 21 U.S.C. §§ 853, 881(a) and 970 and 28 U.S.C. § 2461(c).

2. Upon conviction of the violations alleged in Count One of the Indictment, in violation of 46 U.S.C. § 70503 or 70506, the defendants shall forfeit to the United States, pursuant to 46 U.S.C. § 70507; 21 U.S.C. § 881(a); and 28 U.S.C. § 2461(c), all property subject to forfeiture pursuant to 21 U.S.C.§ 881(a)(1) through (11) that was used or intended for use to commit, or facilitate the commission of, such offenses.

3. Upon conviction of the violations alleged in Count Two of the Indictment, in violation of 21 U.S.C. §§ 960 and 963, the defendants shall forfeit to the United States, pursuant to 21 U.S.C.§§ 853 and 970, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), directly and as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
    Daniel M. Baeza
    Assistant United States Attorney

By: _____
    Joseph K. Ruddy
    Assistant United States Attorney
    Chief, Transnational Organized Crime Section

FORM OBD-34
January 19

No. _____

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Tampa Division

## THE UNITED STATES OF AMERICA

vs.

SOCRATES GABRIEL BARROS-FINCE
  a/k/a "Chunchun"
  a/k/a "Chun"
  a/k/a "Indio"
  a/k/a "El Loco,"
  a/k/a "Tawara"
  a/k/a "Chupo"

SANTANDER BARROS-PULIDO
  a/k/a "Pollo"
  a/k/a "Tio"
  a/k/a "Zeus"

CRISTIAN CAMILO CORDOBA-CUESTA
  a/k/a "Cris,"
  a/k/a "El Primo"

JORGE LEONARDO DIAZ-RAMOS
  a/k/a "40,"
  a/k/a "Numerito"

NEFER ALFONSO HINOJOSA-LARRADA
  a/k/a "El Negrito"
  a/k/a "Divino"

## INDICTMENT

Violations:   46 U.S.C. § 70506(a), (b)   |   46 U.S.C. § 70503(a)   |   21 U.S.C. § 963

A true bill,

_____
Foreperson

Filed in open court this 31st day of January 2019.

_____
Clerk

Bail $ _____

SEALED

GPO 863 525